```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THOMAS PENNAVARIA                :        CIVIL ACTION
                                 :
      v.                         :
                                 :
SCOTT DICLAUDIO and              :
LOUIS T. SAVINO & ASSOC.         :        NO. 07-cv-05170-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                          April 6, 2009

Plaintiff, Thomas Pennavaria, entered a plea of guilty to money laundering charges, and was sentenced to prison. Initially, he was sentenced to 37 months' imprisonment, but the government appealed and the Third Circuit Court of Appeals remanded for re-sentencing. Plaintiff was then sentenced to 60 months in prison, and has now served that sentence.

In this case, plaintiff is suing the attorneys who represented him in the criminal proceedings. The defendants have filed a motion to dismiss, which is being treated as a motion for summary judgment.

Plaintiff is proceeding *pro se*, and his pleadings and other filings will therefore be accorded generous interpretations.

Initially, plaintiff's main complaint was the allegation that his counsel at the criminal trial induced him to enter a plea of guilty by falsely asserting that he had an agreement with the prosecution for a lenient sentence. That allegation is impossible to square with the assertions plaintiff made under oath at the time the plea was entered, including the

detailed waiver of rights which he signed on that occasion. I need not pursue that issue, however, since it is clear that plaintiff's conviction and sentence have never been vacated, but remain in full force and effect. Under Pennsylvania law, the fact that plaintiff has never asserted that he is innocent, and has not successfully challenged his conviction and sentence, preclude him recovering relief in this action predicated upon his conviction and sentence. Bailey v. Tucker, 621 A.2d 108, 115 (Pa. 1993). Moreover, a malpractice action predicated upon assertions of attorney negligence (i.e., on tort principles) is subject to a two-year statute of limitations. More than two years after termination of the attorney-client relationship had elapsed by the time this action was filed.

On the other hand, some of plaintiff's assertions (in his most recent briefing) can be understood as asserting that his trial counsel was guilty of breach of contract, for which there would be a six-year statute of limitations; and that plaintiff may have paid his counsel for services that were never rendered (there seems to be an assertion that counsel may have been paid a fee for filing a brief in the Court of Appeals in the appellate case brought by the government, whereas no such brief was ever filed). Plaintiff will be afforded an opportunity to file an amended complaint, if the facts warrant it.

An Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THOMAS PENNAVARIA                 :       CIVIL ACTION
                                  :
      v.                          :
                                  :
SCOTT DICLAUDIO and               :
LOUIS T. SAVINO & ASSOC.          :       NO. 07-cv-05170-JF
```

ORDER

        AND NOW, this 6th day of April 2009, upon consideration of defendants' motion to dismiss, treated as a motion for summary judgment, and plaintiff's responses, IT IS ORDERED:

        1.   To the extent that plaintiff seeks damages or other relief occasioned by his conviction and sentence, all such claims are DISMISSED with prejudice.

        2.   If plaintiff has valid claims for breach of contract, for which relief not occasioned by his conviction and sentence would be appropriate, plaintiff will be afforded a further period of 60 days in which to file an amended complaint alleging such claims.

                                    BY THE COURT:


                                    /s/ John P. Fullam
                                    John P. Fullam, Sr. J.