```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| THOMAS PENNAVARIA | : | CIVIL ACTION |
| v. | : | |
| SCOTT DICLAUDIO, et al. | : | NO. 07-cv-05170-JF |

<u>MEMORANDUM</u>

Fullam, Sr. J.                                          October 19, 2009

    Plaintiff, Mr. Pennavaria, is a *pro se* prisoner who has sued his former attorney and that attorney's law firm. In his original complaint, Plaintiff primarily alleged that Defendants were liable in tort for various misconduct that occurred during the course of his representation and guilty plea. I dismissed those tort-based claims, however, because Plaintiff has not pleaded his innocence or obtained any post-conviction relief on the basis of the alleged misconduct. I allowed Plaintiff to file an amended complaint to more clearly assert his contract claims, if any. Plaintiff has filed an amended complaint, Defendants have moved to dismiss it, and Plaintiff has not responded to those motions.

    Defendants mainly argue that this Court lacks subject matter jurisdiction, which attaches at the time that a complaint is filed. In determining whether diversity jurisdiction exists, I must consider whether it is apparent, to a legal certainty, that Plaintiff was unable to recover an award exceeding $75,000 when

he filed his original complaint.  See Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007).

I readily conclude that Plaintiff's claims fail the "legal certainty" test; his amended complaint must therefore be dismissed.  As I concluded in my April 2009 memorandum and order, Plaintiff cannot assert tort-based malpractice claims until he obtains direct relief from his conviction.  For his remaining contract-based claim, Plaintiff's recovery cannot exceed the amount that he paid for his representation: $13,000.  See Bailey v. Tucker, 621 A.2d 108, 115 (Pa. 1993).

Although this issue was not raised in Defendants' motions to dismiss the original complaint, it is patently obvious that Plaintiff cannot recover an amount that will suffice for diversity jurisdiction.  This deficiency was present in Plaintiff's original complaint, but it has been more clearly revealed by the allegations of his amended complaint.

In sum, I will dismiss Plaintiff's amended complaint, without prejudice to his ability to pursue his contract claim in state court.  An appropriate order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,   Sr. J.